■ 1234 ACQUISITION, LLC, Appellant, v JOHNSON STEEL CORPORATION, Also Known as JOHNSON STEEL, INC., et al., Defendants, and BANK OF HOLLAND, Respondent. [839 NYS2d 648]—

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered December 14, 2006. The order, among other things, nullified and set aside the foreclosure sale of certain real property located in the Town of West Seneca.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion of defendant Bank of Holland is denied, the foreclosure sale is reinstated, the motion of plaintiff is granted and defendant Bank of Holland is directed to complete its purchase of the property in question in accordance with its bid and the terms of the foreclosure sale forthwith.

Memorandum: Defendant Bank of Holland (Bank) held a $350,000 mortgage on property owned by defendant Johnson Steel Corporation, also known as Johnson Steel, Inc. (Johnson Steel). The subject property was improved by an asphalt batch plant. Johnson Steel delivered two mortgages to Telmark LLC (Telmark), which were secured by the property and batch plant. Those mortgages were assigned to Wells Fargo Financial Leasing, Inc. (Wells Fargo), plaintiff's predecessor in interest, in early 2004. The Bank's mortgage, which was recorded on July 28, 2003, was partially secured by a portion of the property covered by and subordinate to the mortgages of Wells Fargo. By an agreement recorded July 28, 2003, Wells Fargo and the Bank agreed that Wells Fargo would subordinate $200,000 of its second mortgage to the Bank's mortgage. In addition to holding a mortgage, the Bank recorded a UCC financing statement in September 2003 securing equipment on the property, including the asphalt batch plant. At the end of 2005, the equipment was sold by Wells Fargo to plaintiff.

Wells Fargo commenced a mortgage foreclosure action on the property and, in June 2006, Supreme Court issued a judgment of foreclosure and sale for the property that expressly excluded the equipment from the foreclosure sale. The sale took place in July 2006, and the record establishes that a notice setting forth the terms of the foreclosure sale in accordance with the judgment of foreclosure and sale had been distributed to prospective bidders. The Bank purchased the property, having been the highest bidder. By order to show cause granted August 16, 2006, plaintiff, as the successor in interest to Wells Fargo, sought to compel the Bank to complete its purchase of the property in accordance with its bid and the terms of the sale published at the sale, thereby purchasing the property without the equipment. In the alternative, plaintiff sought to toll the time period within which it may remove the equipment from the property. By order to show cause granted August 17, 2006, the Bank sought an or-

der, inter alia, vacating and setting aside the "proposed Referee's Deed of Sale . . . [and] the prospective Referee's Report of Sale," and rescheduling the matter for a sale following a determination whether the asphalt batch plant was a fixture.

We conclude that the court erred in, inter alia, nullifying and setting aside the foreclosure sale and instead should have granted the relief sought by plaintiff. As plaintiff correctly contends, it was entitled to retain the equipment based on the express terms of the judgment of foreclosure and sale and the notice setting forth the terms of the foreclosure sale in accordance with that judgment, which notice was distributed to prospective bidders. We further agree with plaintiff that it has a contractual right to the equipment in question inasmuch as it purchased the equipment from Wells Fargo, which in turn had purchased the equipment from Telmark and leased it to Johnson Steel on June 23, 2000. According to the terms of the lease, Johnson Steel agreed in relevant part that, if it failed to pay rent or amounts due to Telmark within 10 days, Telmark would have the right to take possession of the equipment. The Bank's July 2003 mortgage from Johnson Steel on the property did not mention the equipment or any fixtures or personal property, and, pursuant to its subordination agreement with Wells Fargo, the Bank executed a "Consent of Real Estate Mortgagee Equipment" agreeing "to the continued characterization of the equipment as personal property" and "to the exclusion of the equipment from any lien or interest which [the Bank] may have or acquire in such premises, or any part thereof." We have reviewed the remaining contentions of the Bank and conclude that they are without merit. Present—Martoche, J.P., Lunn, Peradotto, Green and Pine, JJ.